IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JAMES NICHOLAS, #Y33871, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-01068-JPG |
| JEFFERSON COUNTY SHERIFF and SCOTT QUENN, | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff James Nicholas, an inmate in the custody of the Illinois Department of Corrections who is currently incarcerated at East Moline Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff claims he was wrongfully convicted for failing to register as a sex offender when he was not required to do so. (*Id*. at p. 4). He seeks release from confinement and $15 million in damages. (*Id*. at p. 5).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations in a *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

At this early stage, the Court must evaluate the substance of Plaintiff's claim to determine if he has invoked the correct statute when bringing the claim pursuant to 42 U.S.C. § 1983.

1

*Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If a prisoner is seeking money damages for violations of his constitutional rights by state actors, then Section 1983 provides the proper avenue to relief. In this case, Plaintiff seeks both release and money damages.

Release from confinement is not an available remedy under Section 1983. Therefore, Plaintiff must pursue this request for relief by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 in federal court, *but only after exhausting his state court remedies*. *See* 28 U.S.C. § 2254. The Clerk of Court will be directed to provide Plaintiff with a blank Section 2254 Petition for this purpose.

Money damages are an available remedy under Section 1983, but Plaintiff is barred from pursuing this relief in the present action. He directly challenges his conviction for failing to register as a sex offender in Jefferson County, Illinois. Review of public records reveals that he is currently serving a sentence for this conviction. According to the Illinois Department of Corrections' website (www.illinois.gov/idoc/offender/pages/inmatesearch), "James Nicholas"[1] (Inmate #Y33871) is serving a 4-year sentence following a conviction for failure to report annually/2+ in Jefferson County Circuit Court Case No. 17-CF-271. *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). Because his claim in this case necessarily implies that his conviction is invalid, he cannot bring the claim unless the conviction is reversed

---

[1] Although Plaintiff identifies himself as "James Nichols" in the case caption of the Complaint, he signs the Complaint as "James Nicholas." (*See* Docs. 1, pp. 1, 5).

or expunged. *See Heck v. Humphry*, 512 U.S. 477, 486-87 (1994) (Section 1983 claim for money damages based on constitutional violation(s) that necessarily imply the invalidity of a standing conviction is unavailable to prisoner until conviction is reversed or expunged). Because Plaintiff seeks $15 million for his allegedly wrongful conviction, he cannot pursue this claim until he can demonstrate that it is, in fact, wrong.

Plaintiff cannot proceed with his claims in this case. Therefore, the Complaint and this action shall be dismissed. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing Section 1983 claims that should have been brought as petitions for writ of habeas corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (district court should not have recharacterized declaratory judgment action as petition for habeas corpus). This case will be closed.

## Disposition

The Clerk of Court is **DIRECTED** to correct the spelling of Plaintiff's name in CM/ECF to: Plaintiff **JAMES NICHOLAS**. Plaintiff is **WARNED** that he must use the proper spelling for his legal name in all filings submitted to the court.

**IT IS ORDERED** that the Complaint (Doc. 1) and this action are **DISMISSED** without prejudice because his claim for money damages is *Heck*-barred and the Court lacks jurisdiction to consider the validity of his conviction or his request for release from confinement. This dismissal does not preclude Plaintiff from bringing any state or federal claim in a newly-filed action.

**IT IS ORDERED** that the all pending motions (Docs. 3 and 4) are **DISMISSED** as **MOOT**.

Plaintiff is **ADVISED** that the dismissal does not count as one of his three "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 1/16/2020**                    s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **United States District Judge**